Judge Rowan
delivered the opinion of the court.
A verdict and judgment had been obtained in ejectment in the name of Doe on the demise of Triplett’s heirs, against the appellants. The plaintiff, at a subsequent term, upon notice given to defendants, moved the court for a writ of habere facias possessionem—the court awarded the writ, and directed the following endorsement to be made thereon, “for the use of Lewis C. Kercheval.” The defendants filed their bill of exceptions, and prayed an appeal.
The court is alledged to have erred —1st. In awarding the writ of habere &c. at a term subsequent to the one at which the judgment was rendered; and 2d, In directing the endorsement thereon. That a court cannot alter, or vary essentially, at a subsequent, the final judgment of a former term, is a wise and well settled rule of law; errors in the clerical part of it may be corrected—but the errors must be exclusively clerical The appellants have misapplied this rule to the order of the court awarding the writ of *62 possession. When the judgment of the court was pronounced, and the term expired, the plaintiff might, at any time thereafter, within a year and a day, as matter of right, have taken out his writ of possession; and what he had a right to demand and obtain from the clerk without application to the court, the court, upon application, had a right to grant. The order was supernumerary, and of course unnecessary, it was at worst but declaratory of the plaintiff’s right, and mandatory to the clerk their officer. It did not affect, alter or vary the judgment, and of course was an act which might have been done or omitted, alike innocently; unless in the case where the clerk should refuse to issue the writ, in which case it would be error in the court to refuse to make an order upon their clerk to perform that duty.
An hab. fa. may be ordered at a term subsequent to the judgment.
An endorsement to whompossession is to be delivered, may be ordered at a subsequent term.
As to the endorsement upon the writ, it may be observed, that in the execution of the judgment in ejectment, as in the case of every other execution, the officer to whom it is confided is under the supervision and control of the court whence the execution emanated, any errors committed by the officer in the country in the effectuation thereof, may and ought to be corrected by the court in a summary manner upon motion of the party agrieved thereby. If this, court can make remedeal orders to correct errors which may have intervened, they may, a fortiori, make cautionary orders to prevent their intervention and promote the real justice of the case. The plaintiff may endorse upon his execution to whom the amount thereof shall be paid by the sheriff: so in the case of ejectment he may endorse upon the writ of habere, &c. to whom the possession shall be delivered the sheriff. The defendant in neither case can object: The defendant in neither case can be injured. In the first case the money must be collected from, and of course paid by, the defendant to the sheriff before the endorsement can operate, before he can pay it to the third person according to the endorsement. So in the second—the case of ejectment—the defendants must be put out before the sheriff can deliver possession to the third person pursuant to the endorsement on the writ. This endorsement, made by order of the court upon the writ, must, like every other judicial act, be presumed to be right until the contrary is shewn: it must be considered as a cautionary act on the part of the court, directed to and intended to operate upon their ministerial officer, in furtherance of the justice of the case; an act of which the plaintiffs only (and *63 not the defendants) have a right to complain. The matter alledged by the defendants, and embodied in their bill of exceptions, is of that sort which, if available at all, could only be used availingly by them upon the trial of the ejectment; or in a bill in chancery to obtain relief from the judgment therein.
Bibb for appellant, Pope for appellees.
The judgment of the court below must be affirmed with costs.